UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3261-D

| | |
|---|---|
| **Jimmy Lee Harris**, | |
| Plaintiff, | |
| v. | **Memorandum & Recommendation** |
| **Unit Manager Avcook,** et al., | |
| Defendants. | |

On October 8, 2015, Jimmy Lee Harris, a state inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] D.E. 1. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915A. After a review of Harris's complaint, the undersigned magistrate judge recommends[2] that the court dismiss the complaint for failure to state a claim upon which relief may be granted.

I.      Review Under 28 U.S.C. § 1915A

The Prison Litigation Reform Act of 1995 ("PLRA") requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. §1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings,

---

[1] At the time he filed his complaint, Harris was confined at Tillery Correctional Center ("Tillery"). *See* Compl. at 2, D.E. 1. However, on January 13, 2016, Harris was transferred to Marion Correctional Institution located in Marion, North Carolina, where he is presently confined. *See* Change of Address, D.E. 10; N.C. Dep't of Pub. Safety Offender Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0170379&searchOffenderId=0170379&listurl=pagelistoffendersearchresults&listpage=1 (last visited Mar. 21, 2016).

[2] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based on an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Harris's status

as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

## II. Background

Harris's complaint (D.E. 1) is not a model of clarity. However, considered together with Harris's exhibit (D.E. 1-1), which shows Harris's efforts to exhaust his administrative remedies, three claims may be distilled from Harris's complaint. First, Harris alleges that while he was confined at Tillery, prison staff violated his rights by assigning him to a job in the cannery, a job for which he did not apply. Compl. ¶ IV at 3. Second, Harris alleges that while at Tillery, he was placed in "lock up" for ten days without being charged in retaliation for his allegations against prison staff. *See id.* ¶ V at 5–6. Third, Harris alleges that he put in two sick calls relating to an ankle brace while at Tillery and did not receive a response from medical staff. *See id.* ¶ V at 6. Harris seeks a transfer to Craggy Correctional Center and monetary damages in the amount of $30,000. *See id.* ¶ V at 4.

## III. Evaluation of Harris's Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. *See, e.g.*, *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

Harris has been transferred to Marion Correctional Institution. *See* D.E. 10. Therefore, his request for a transfer is moot. In any event, Harris has no constitutional right to choose his place of incarceration. *See Meachum v. Fanno*, 427 U.S. 215, 225 (1976); *O'Bar v. Pinion*, 953 F.2d 74, 83–84 (4th Cir. 1991) (stating that a prisoner has no right to a transfer); *Johnson v. Ozmint* 456 F. Supp. 2d 688, 695 (D.S.C. 2006) (citing *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004) (per curiam)). Thus, the court turns its attention to Harris's claims for monetary damages.

### A. Job Placement Claim

Harris claims that on June 9, 2015, Tillery defendants Unit Manager Avcook, Assistant Unit Manager Jones, and Case Manager Garvey called Harris into Avcook's office and informed Harris that he had been assigned to the cannery. Compl. ¶ IV at 3. Harris protested that he had not signed up to work in the cannery and accused Avcook of not following prison rules relating to job assignments. *Id.* Harris alleges that his assignment to the cannery is a result of racial discrimination by Avcook "to fo[r]ce black inmates to take a job that he wanted them to have." *See* Ex. at 1, D.E. 1-1.

A prisoner has no constitutional right to a particular job in the prison facility. *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir.1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not

4

implicate a protected property interest."); *see also Johnson v. Knable*, 862 F.2d 314, 314 (4th Cir. Oct. 31, 1988) (unpublished) (per curiam) ("[P]rison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate."); *Altizer v. Paderick*, 569 F.2d 812, 812–13 (4th Cir. 1978) (per curiam) (holding that the "work assignments of prisoners in [state] institutions are matters of prison administration, within the discretion of the prison administrators" and are not within the "reach of the procedural protections of the Due Process Clause"). Thus, Harris's claim that his rights were violated when Avcook failed to follow prison rules in assigning him to work in the cannery fails to state a claim upon which relief may be granted.

To the extent that Harris alleges that his job assignment at Tillery was the result of racial discrimination against him, however, racial discrimination in prisoner job assignments is a violation of the Equal Protection Clause of the Fourteenth Amendment. *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011) (per curiam), *cert. denied*, 132 S. Ct. 161 (2011). The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). To meet this requirement, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003) (quoting *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001)) (internal quotations omitted). Without factual evidence, mere allegations of racially motivated discrimination are insufficient to state a claim. *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974); *see also Thomas v. Fed.*

5

*Med. Ctr.*, No. 5:14-CT-3261-BO, 2015 WL 2193787, at *2 (E.D.N.C. May 11, 2015) ("[C]onclusory assertions of retaliation, discrimination, and conspiracy do not state actionable claims."). Harris's allegations fail to set forth "specific, non-conclusory factual allegations" that establish an improper motive by Avcook in assigning him to a job in the cannery. Therefore, Harris's conclusory allegation that he was assigned to the cannery because of his race is insufficient to state a plausible Equal Protection claim and should be dismissed.

**B. Retaliation Claim**

Harris alleges that he was placed in "lock up" for ten days, from July 2, 2015 to July 12, 2015, without being charged, in retaliation for his allegations against prison staff. Compl. ¶ V, at 5–6.[3] In order to state a claim for retaliation, the "alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right." *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011) (per curiam), *cert. denied* 132 S. Ct. 161 (2011) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). There is no constitutional right to participate in the grievance process. *Adams*, 40 F.3d at 75. Accordingly, courts have repeatedly held that allegations of retaliation based upon complaints about prison staff do not meet the retaliation standard. *See Daye*, 417 F. App'x at 319 (rejecting an inmate's retaliation claim because verbal expressions of dissatisfaction about prison staff are not constitutionally protected); *Whitfield v. Craven Corr. Inst.*, No. 5:12-CT-3064-FL, 2015 WL 1383613, at *9 (E.D.N.C. Mar. 25, 2015) (dismissing an inmate's claim that he was terminated from his prison job in retaliation for complaining about an officer's conduct); *Humphrey v. Revell*, No. 5:11-CT-3168-FL, 2014 WL 1096262, at *7 (E.D.N.C. Mar. 19, 2014) (dismissing an inmate's claim that he was placed in the SHU in retaliation for filing complaints

---

[3] Harris grieved his job assignment through the prison administrative remedy procedure on June 10, 2015. *See* Ex., D.E. 1-1.

against prison staff); *see also Dilworth v. Corpening*, No. 1:15-CV-36-FDW, 2015 WL 3448785, at *3 (W.D.N.C. May 29, 2015) (holding that a claim of retaliation as a result of verbal complaints regarding a correctional officer were not cognizable because complaints were effectively the same as a grievance), *aff'd in part as modified*, 613 F. App'x 275 (4th Cir. 2015); *Rountree v. Clark*, No. 7:11-cv-572, 2014 WL 4923163, at *3 n.3 (W.D. Va. Sept. 30, 2014) (noting that in the Fourth Circuit, "a prisoner's use of grievance procedures is not a protected First Amendment right" and therefore "allegations that officials have retaliated against an inmate for filing grievance forms do not state a cognizable claim for relief under Section 1983"). Because Harris's allegations that Avcook retaliated against him for grieving his job assignment do not implicate a constitutionally protected right, Harris's retaliation claim should be dismissed.

**C. Deliberate Indifference Claim**

In order to state a claim for inadequate medical care during incarceration under 42 U.S.C. § 1983, the plaintiff must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal quotation marks omitted); *see Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious." *Strickler*, 989 F.2d at 1379 (emphasis and quotation marks omitted). The second showing requires the court "to determine whether subjectively the

officials acted with a sufficiently culpable state of mind." *Id.* (emphasis, alteration, and quotation marks omitted).

To satisfy the subjective showing, a plaintiff must prove that the official acted with deliberate indifference. *See, e.g.*, *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *Strickler*, 989 F.2d at 1379. "While . . . deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when he actually knows of and disregards "an objectively serious condition, medical need, or risk of harm." *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997); *see Farmer*, 511 U.S. at 837–38; *Estelle*, 429 U.S. at 104–05; *Waybright v. Frederick Cnty., Md.*, 528 F.3d 199, 206 (4th Cir. 2008), *cert. denied* 555 U.S. 1069 (2008).

With regard to inadequate medical attention, the objective component is satisfied by a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillan*, 503 U.S. 1, 9 (1992); *see Estelle*, 429 U.S. at 105; *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Harris's allegation that his sick calls received no response on two occasions, without more, is insufficient to establish that prison personnel were deliberately indifferent to his serious medical needs. Therefore, this claim should be dismissed.

**IV. Conclusion**

Based on the foregoing, the undersigned recommends that the court dismiss Harris's complaint for failure to state a claim upon which relief may be granted.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 11, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE